Judge Rovner, are you with us? I am. All right. Wish I was closer. Wish I really were. All right. We move to the fifth case this morning. Henderson v. Shulkin. Mr. Holloway. Good morning. May it please the court. My name is Philip Holloway and I represent the District Court. Henderson has been employed by the VA, which I will call the agency for the remainder of my argument here, for 32 years. For the last 10, he has functioned as a detective at the VA or the agency's Hines facility, Hines VA facility. This case has several issues of material fact, and the District Court was granted summary judgment improperly, and Henderson is entitled to a jury trial. I'd like to begin the discussion of the facts in this case using the McDonnell-Douglas method, not to say that Mr. Henderson is putting aside or won't use the Ortiz method, or is asking the court not to, but just that it allows for more, or more readily lays bare the genuine issue of material facts in this case. Just very briefly, Mr. Henderson has brought claims for race and age discrimination and retaliation for prior protected activity. Now, as an initial matter, with respect to the McDonnell-Douglas factors, the agency has offered no argument either here, for this court, or below, to contest that the appellant, Mr. Henderson, has established his prima facie case of discrimination in race, age, and retaliation. And again, proceeding under the McDonnell-Douglas formula, the next inquiry is that the agency must proffer, offer, articulate a legitimate non-discriminatory reason. And as this court has repeatedly recognized, this is not a high evidentiary burden for the defense or the agency in this case. You simply need to put forth competent evidence that they have a legitimate non-discriminatory reason. Well, the evidence in this case, if the court looks at the record, establishes that they have not done so. At least not in any sense of the word legitimate or articulate. So the agency, in its brief, offers the non-discriminatory reason that Chief Marsh, who was the deciding official in this case, selected the, selectee, Mr. Kerry Colby, a Caucasian male, over my client for a criminal investigator position. Because he had the highest score on a list of applicants that was compiled based on a panel review of resume and a review of, panel review of interviews, I'm sorry. Now, would the disciplinary records have been before Marsh when he made the following, the final hiring decision, and before the reviewing panel, when it initially scored candidates? With respect to the reviewing panel, no. Those factors would not have been before, in any sense of the word, the reviewing panels, either on an interview or on the resume review. However, there's evidence in the record that Chief Marsh was well aware of Kerry Colby's disciplinary record. And had been informed of all of it prior to his selection. But in any event, getting back to what I was saying, there's no, the panel itself, in the resume review, in the interview panel, is irrelevant. Because, as I was saying. Actually, it's highly relevant and key to the case. Your biggest hurdle here is to overcome the fact that the interview panel was preceded by this blind-graded resume review by a different panel. Where the identity of the applicants was redacted and they were looking strictly at merit qualifications and doing a ranking based on objective factors. And based on that ranking, your client came in seventh. And they only interviewed three. So this just facially is a valid, non-discriminatory, legitimate reason for his exclusion from the candidate pool. And the fact that Marsh didn't move him up in the rankings over the person who actually came in first in this blind review. You know, that is neither here nor there. And it's a completely racially neutral process. I would agree with Your Honor if the facts stop there. But they don't. The agency's own witness said that that entire process was negated. When he himself testified that he pulled back the certificates because the agency had had them too long. And canceled them. And his specific testimony was that they had to start over with new applications, new resumes, new panels, etc., etc. That testimony is not rebutted here and is not rebutted below. But Marsh's unrebutted testimony is that he picked Colby because he scored first. Your client scored seventh. I'm sorry, but cross-testimony again, an agency witness conflicts with that. He says, no, the selection was not made according to the panel. It was not made according to the scores. It was made based on the VRA. Those scores did not matter after the certifications were withdrawn. Whether they technically mattered in terms of the agency's rules about how long the list stays viable, that's just a red herring here. If Marsh says, I picked him because he came first in this apparently expired selection process for compiling the candidate list. So even though it was technically expired, it doesn't make any difference. If that was the reason that he offered and there's nothing to contradict that, then you lose. I mean, respectfully, I disagree with that. If Cross testifies that the selections were not made, that is a conflict of facts. He was not the decision-maker. Marsh was the decision-maker. Marsh was the decision-maker. However, what Cross is saying is that Marsh did not make the decision based on those things. He made the decision based on the VRA and pulled him. Well, he's not competent to testify to that. I'm sorry? He can't testify to what was in Marsh's head.